<pre>
 1                     UNITED STATES DISTRICT COURT
                     FOR THE DISTRICT OF MASSACHUSETTS
 2


 3


 4                                      )
      UNITED STATES OF AMERICA,         )
 5                                      )
              Plaintiff,                )
 6                                      )  Criminal Action
      v.                                )  Nos.  1:19-mj-06087-MPK-1
 7                                      )         1:19-mj-06087-MPK-2
      GREGORY ABBOTT, MARCIA ABBOTT,    )         1:19-mj-06087-MPK-3
 8    GAMAL ABDELAZIZ, I-HSIN CHEN,     )         1:19-mj-06087-MPK-8
      ROBERT FLAXMAN, AGUSTIN HUNEEUS,  )         1:19-mj-06087-MPK-11
 9    and ELISABETH KIMMEL,             )         1:19-mj-06087-MPK-17
                                        )         1:19-mj-06087-MPK-21
10            Defendants.               )
                                        )
11


12


13                BEFORE THE HONORABLE M. PAGE KELLEY
                      UNITED STATES MAGISTRATE JUDGE

14


15                        INITIAL APPEARANCE


16                          March 29, 2019
                             12:09 p.m.

17


18          John J. Moakley United States Courthouse
                       Courtroom No. 1
19                    One Courthouse Way
                  Boston, Massachusetts 02210

20


21


22                    Linda Walsh, RPR, CRR
                      Official Court Reporter
23          John J. Moakley United States Courthouse
                 One Courthouse Way, Room 5205
24                Boston, Massachusetts 02210
                    lwalshsteno@gmail.com

25
</pre>

APPEARANCES:

On Behalf of the Government:

    UNITED STATES ATTORNEY'S OFFICE
    By: AUSA Justin D. O'Connell
        AUSA Leslie Wright
        AUSA Eric S. Rosen
    One Courthouse Way
    Boston, Massachusetts 02210

On Behalf of the Defendant Gregory Abbott:

    MAYER BROWN LLP
    By: Daniel L. Stein, Esq.
    1221 Avenue of the Americas
    New York, New York 10020
    212-506-2646

On Behalf of the Defendant Marcia Abbott:

    COVINGTON & BURLING LLP
    By: Arlo Devlin-Brown, Esq.
    The New York Times Building
    620 Eighth Avenue
    New York, New York 10018-1405
    212-841-1000
    adevlin-brown@cov.com

On Behalf of the Defendant Gamal Abdelaziz:

    NIXON PEABODY LLP
    By: Brian T. Kelly, Esq.
        Joshua C.H. Sharp, Esq.
    100 Summer Street
    Boston, Massachusetts 02110
    617-345-1000
    bkelly@nixonpeabody.com

On Behalf of the Defendant I-Hsin Chen:

    KELLER/ANDERLE LLP
    By: Reuben Camper Cahn, Esq.
    18300 Von Karman Avenue, Suite 930
    Irvine, California 92612

1    APPEARANCES (Continued):

2         BASSIL & BUDREAU
          By: Janice Bassil, Esq.
3         20 Park Plaza, Suite 1005
          Boston, Massachusetts 02116
4         617-366-2200
          jbassil@bassilbudreau.com
5
     On Behalf of the Defendant Robert Flaxman:
6
          QUINN EMANUEL URQUHART & SULLIVAN, LLP
7         By: William D. Weinreb, Esq.
              Michael T. Packard, Esq.
8         111 Huntington Avenue, Suite 520
          Boston, Massachusetts 02199
9         617-712-7100
          billweinreb@quinnemanuel.com
10
     On Behalf of the Defendant Agustin Huneeus, Jr.:
11
          HOLLAND & KNIGHT
12        By: Jeremy M. Sternberg, Esq.
          10 St. James Avenue, 11th Floor
13        Boston, Massachusetts 02116
          617-854-1476
14        jeremy.sternberg@hklaw.com

15        FARELLA BRAUN & MARTEL, LLP
          By: William P. Keane, Esq.
16        235 Montgomery Street
          San Francisco, California 94104
17        415-954-4908

18   On Behalf of the Defendant Elisabeth Kimmel:

19        MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, PC
          By: Eoin P. Beirne, Esq.
20            R. Robert Popeo, Esq.
          One Financial Center, 42nd Floor
21        Boston, Massachusetts 02111
          617-348-1707
22        ebeirne@mintz.com

23

24              Proceedings recorded by sound recording and
                   produced by computer-aided stenography
25

```
 1                    P R O C E E D I N G S
 2            THE CLERK:  Today is Friday, March 29th, 2019, and we
 3   are on the record in Magistrate Case Number 19-6087, United
 4   States of America verse Gregory Abbot, Marcia Abbott and Gamal
 5   Abdelaziz.
 6            Will counsel please identify themselves for the
 7   record.
 8            MR. O'CONNELL:  Justin O'Connell for the Government.
 9            THE COURT:  Good afternoon.
10            MR. ROSEN:  Eric Rosen for the Government.
11            MS. WRIGHT:  Leslie Wright for the Government.
12            MR. KELLY:  Good afternoon -- good morning, Your
13   Honor.  Brian Kelly on behalf of Mr. Abdelaziz along with
14   Joshua Sharp and Mr. Abdelaziz.
15            THE COURT:  Good afternoon.  Good morning,
16   Mr. Abdelaziz.
17            MR. STEIN:  Good afternoon, Your Honor.  Daniel Stein
18   here for Gregory Abbott, who is standing to my right.
19            THE COURT:  Good afternoon.
20            MR. DEVLIN-BROWN:  Good afternoon, Your Honor.  Arlo
21   Devlin-Brown for Marcia Abbott, who is to my left.
22            THE COURT:  Good afternoon.
23            Okay.  So I'm sorry for the delay in getting started.
24   We have a Chinese interpreter who is having some trouble
25   parking, which is not surprising in this neighborhood.  So I
```

1    think we will just begin, and when we reach the person who had

2    requested the interpreter, we might just skip over with -- skip

3    over them until the interpreter arrives.

4            So this is everyone's initial appearance in Federal

5    Court, and I'm going to just make some general announcements

6    for everyone, not just the people who are sitting at the table.

7    So if you're here for your initial appearance today, please pay

8    careful attention to what I say.  I'm required to say some very

9    routine things at a person's initial appearance, and that

10   includes telling people about their right to remain silent and

11   having the Government state the charges and the maximum

12   possible sentences and so on.

13           And, then, with regard to detention, most people's

14   conditions and the warnings that I have to give them are very

15   similar, if not identical.  So I'm going to ask all the people

16   who are here today for their initial appearances to listen very

17   carefully to what I say to the first person, and then, if you

18   have questions about what I said, obviously I'm happy to repeat

19   anything or clarify anything.  But if you don't, we can

20   streamline the hearing by just having you acknowledge that you

21   heard what I said before.  So that's how I'm going to proceed.

22   And obviously, if counsel want me to change that for their

23   particular client, I'm happy to do that.

24           So after I go through with each person what their

25   conditions of release are, please wait at the table, and

1    Ms. MacDougall, who is my law clerk, is going to hand you a

2    written copy of your conditions.  You will have a chance to go

3    over them with your lawyer at the table, and if there's nothing

4    you need to bring back up to the Court, then you'll sign the

5    conditions, give them back to Ms. MacDougall, and then you can

6    go down to Probation.  And after you meet with an officer in

7    Probation, then you're free to go.

8         I do just want to warn counsel and people who are here

9    for their initial appearances that the mikes in front of you,

10   they're not necessary to amplify your voice, but they are very

11   sensitive.  And if you are talking to your lawyer, they may

12   pick up what you are saying, and that can be streamed to the

13   overflow courtroom.  So that's not quite as private as you

14   might imagine if you want to say something while you're at the

15   table.  And there is a button on the microphone that you can

16   press, and the light will turn from green to red and then the

17   microphone will be off.

18        Okay.  So I think we'll start with Mr. Abdelaziz; is

19   that how you --

20        DEFENDANT ABDELAZIZ:  Yes, Your Honor.

21        THE COURT:  Yes, sir.  Everyone can remain seated

22   while I speak to you.  That's fine.

23        So, sir, first of all, you have the right to remain

24   silent.  Anything you say can be used against you.  If you

25   decided to answer questions or make a statement, you could stop

1    talking at any time if you changed your mind.  And you also

2    have the right to have counsel with you while you answer

3    questions or make any statement.  So do you understand your

4    right to remain silent?

5          DEFENDANT ABDELAZIZ:  I do, Your Honor.

6          THE COURT:  Have you seen the complaint that has been

7    made against you?

8          DEFENDANT ABDELAZIZ:  Yes, Your Honor, I have.

9          THE COURT:  And have you gone over it so that you

10   understand the charges?

11         DEFENDANT ABDELAZIZ:  I do.  I have.  Thank you.

12         THE COURT:  All right.  So I'm going to ask the

13   Government to state the charges and the maximum possible

14   penalties.

15         MS. WRIGHT:  Yes, thank you, Your Honor.

16         All the Defendants here today have been charged with

17   one count of conspiracy to commit mail fraud and honest

18   services mail fraud.  The maximum penalties for that offense

19   are up to 20 years of imprisonment, followed by three years of

20   supervised release, a fine of $250,000 or twice the gross gain

21   or loss from the offense, whichever is greater, forfeiture and

22   restitution, if applicable, and upon conviction, a mandatory

23   special assessment in the amount of $100.

24         THE COURT:  Okay.  Thank you.  So, sir, you have the

25   right to a preliminary hearing, and have you talked with your

1   lawyers about whether you want to have that hearing or not?

2          DEFENDANT ABDELAZIZ:  We don't.

3          THE COURT:  Okay.  There should be a form on the

4   table, and before you leave, I'll ask you to sign that form.

5   And you understand that's a hearing where the Government would

6   have to show that there's probable cause to believe that you

7   committed the offenses?

8          DEFENDANT ABDELAZIZ:  I understand, Your Honor.

9          THE COURT:  And you don't want to have that hearing?

10          DEFENDANT ABDELAZIZ:  I do not.

11          THE COURT:  Okay.  So I'm going to find that your

12   waiver is knowing and voluntary.

13          So the Government, I understand, is not moving for

14   detention?

15          MR. O'CONNELL:  That's right, Your Honor, we are not

16   moving for detention.

17          THE COURT:  Okay.  So, sir, I noticed that you filed a

18   motion to allow international business travel, and I've read

19   the motion -- yes, Mr. Kelly?

20          MR. KELLY:  I'm just standing if you want me to

21   address it, Your Honor.

22          THE COURT:  Well, I think I'll just ask the Government

23   what their position is on it first and then hear from you.

24          MR. O'CONNELL:  The Government opposes the motion for

25   multiple reasons.  First, which is, the Defendant in this case,

1   Mr. Abdelaziz, has extensive foreign ties.  I think the

2   Defendant noted that, in fact, in the motion that they filed.

3   He's lived approximately 65 percent of the time that they claim

4   he has ties to the United States, he's actually lived abroad in

5   Hong Kong and Macau, China, which is in Footnote 1 of their

6   brief.

7         Additionally, we would point out to Your Honor that

8   Mr. Abdelaziz faces a substantial amount of time in this case.

9   Again, the defense had a reference to a 21-month lower end

10   guideline generally for the parents.  That's actually not the

11   case for Mr. Abdelaziz.  Assuming no further charges, he faces

12   30 to 37 months under the Sentencing Guidelines on the one

13   charge that he's charged with today.

14         We'd also note that, you know, the weighted evidence

15   against Mr. Abdelaziz is quite strong, as the affidavit has set

16   forth.  I won't go into the detail.  I think the Court is

17   familiar with it.

18         But the last couple of points I think that Mr. Kelly

19   makes on behalf of his client also don't merit weight by the

20   Court.  Your Honor has I think stated on the record in other

21   hearings, parallel proceedings to this, that Mr. Hodge's

22   decision about whether he could travel internationally was

23   something that you might want to revisit for consistency sake.

24   But also, they bring up Mr. Sidoo, and that's just factually

25   different.  Mr. Sidoo has no residence in the United States.

 1   He's a Canadian citizen, and that is factually distinguishable

 2   from Mr. Abdelaziz who does have a home here in the United

 3   States.  So we would ask for all those reasons to deny the

 4   current motion.

 5          THE COURT:  Okay.

 6          MR. KELLY:  Your Honor, may I address those concerns?

 7          THE COURT:  Absolutely.

 8          MR. KELLY:  First of all, he's lived in this country

 9   for over 30 years.  He's a U.S. citizen.  His three children

10   live here.  He's not running from this case.  He intends to

11   fight this case.  In fact, if the Court looks at his complaint,

12   it is not a strong case against him.  It's a one-witness case,

13   a witness named Singer who is deeply compromised and who's

14   already committed obstruction of justice.

15          This is a man who wants to face these charges.  He

16   came here from Nevada on his own personal recognizance.  The

17   reason he's traveled extensively in his life is because that's

18   part of his business.  He's not looking to travel extensively

19   now.  He's looking to take periodic trips to keep his business

20   afloat so he can keep his living going so he can defend himself

21   against these charges.  He has every intention in coming back

22   to this courtroom, or whatever courtroom it ends up in, and

23   fighting these charges.

24          So we respectfully submit that he should not be

25   punished for having been born in a foreign country that was

1  many years ago.  He is in fact a U.S. citizen.  As I said, he

2  has lived here more than three decades.  His children live

3  here.  He's certainly not going to flee and abandon them.

4        And I don't want to quarrel with the Government, but I

5  distinctly recall him saying the low end of the guideline range

6  for this parent and others would be 21 months.  But regardless,

7  this is not a case where there is a ten-year minimum mandatory

8  that might cause people concern.  This is a winnable case for

9  my client, and he intends to fight it and win.

10       So we're not asking for the ability to vacation.

11 We're asking for the ability to just keep his business going

12 and just periodic trips.  One trip in particular that he's

13 facing now is Mexico in the first week of April that he already

14 planned before this case arose.  So we'd respectfully request

15 permission for that one, and we will seek permission for future

16 trips through pretrial or the Court as necessary.

17       THE COURT:  Anything else?

18       MR. O'CONNELL:  Your Honor, I think I addressed many

19 of Mr. Kelly's arguments before.  I just note that that 30-year

20 time that he's throwing out there, 24 of those years he didn't

21 live in the United States.  He lived in China and Hong Kong.

22 As to the weight of the evidence in this case, that's a

23 footnote in their own filings, Your Honor.  As to the weight of

24 the evidence in this case, we respectfully, again, disagree

25 with the defense.  It's not a one -- you know, one-party -- a

1   one-witness case.  Mr. Abdelaziz is on multiple recordings

2   talking, there's multiple e-mails, there is witnesses.  He

3   himself was manufacturing fake stories to explain his fraud in

4   this case, and it's on the tape, it's in the recordings that

5   are available to the public.  And we don't need to litigate

6   that issue now, but it is not a weak case.  It's a very strong

7   case against Mr. Abdelaziz, and he faces a substantial amount

8   of time for somebody who has never been in the system before

9   and has no prior.  Go ahead, Mr. Kelly.

10          MR. KELLY:  He has not lived in China for a long time.

11  He lived there for three years for a job.  So that was job

12  related.  He came back.  He's going to stay in this country.

13  He's lived here for 33 years.  And even when he was over there,

14  he maintained a residence in Nevada.  And, again, we're not

15  going to get into the merits of this, but the only phone call

16  is by their witness, Singer, who had his own little scheme on

17  the side, and it was, unbeknownst to him, who thought he was

18  giving money to the university.  So we maintain -- it is a weak

19  case, at least with respect to him.  And that's all, frankly, I

20  can focus on in this hearing, and that's why I think it

21  warrants the Court under the statute to permit him for business

22  reasons only to take this trip to Mexico in April.

23          THE COURT:  Anything else?

24          MR. O'CONNELL:  Nothing really further, Your Honor, on

25  those points.  Thank you.

1        THE COURT:  Okay.  So I am going to allow

2    Mr. Abdelaziz to go on the April trip, and what I'm going to

3    say is that occasional international travel is permitted for

4    business reasons only.  And I want Mr. Abdelaziz to turn in his

5    passport after each trip and -- so they will be in possession

6    of your passport until the next trip, and I'm going to ask you

7    to please keep the trips to -- as you said in your motion, that

8    they will be occasional, and I will be monitoring that.

9        MR. KELLY:  Thank you.

10        THE COURT:  Yes.  I noticed that the Chinese

11    interpreter is here, and I would like to swear you in and have

12    you begin interpreting, please.

13        (Interpreter sworn.)

14        THE INTERPRETER:  Yes, I do.

15        THE CLERK:  Can you please state your full name for

16    the record.

17        THE INTERPRETER:  My name is Melissa Lo, L-o, and I

18    will be interpreting in Chinese.

19        THE COURT:  Thank you.  And who is the person who

20    needs an interpreter?

21        MR. CAHN:  Mr. Chen here.

22        THE COURT:  Okay.  So if you can make room for the

23    interpreter because when I go over the -- so I would like you

24    to please interpret as we're doing this hearing because I'm

25    going to ask him if he understood things that happened from

1    this point on, please.  Thank you.

2            All right.  So I'm now going to go over what we call

3    the standard conditions of probation -- of release, and these

4    conditions will apply to everyone.  So if you're going to be

5    coming up, please listen carefully.  And if you don't

6    understand anything, I'm happy to repeat it when it's your

7    turn.

8            So, sir, you cannot violate any Federal, State or

9    local law while on release, and that includes the possession or

10   use of marijuana because that is still a Federal crime.  You

11   must cooperate in the collection of a DNA sample if it's

12   authorized by law.  You must tell Pretrial Services before you

13   change your address, your residence, or your phone number, and

14   you must come to Court as required.  And if you are convicted

15   and allowed to self-report for any sentence, you must surrender

16   as directed to serve your sentence.

17           So you will submit to supervision by Pretrial

18   Services.  If they want you to call or come in, you will do

19   that.  You will surrender your passport to Probation.  And,

20   sir, I'll just ask you to surrender your passport after your

21   April trip, okay?  You will -- as I said, your travel is

22   restricted to the United States.  Occasional international

23   travel for business reasons only, and your passport will be

24   turned in after your travel.

25           You will avoid all direct or indirect contact with any

1  person who is or may be a victim or a witness in this case

2  including codefendants unless in the presence of counsel.  So

3  to everyone, your lawyers can speak to whomever they want.  And

4  if someone contacts you about the case and you think you are

5  not allowed to speak to them, you should just refer them to

6  your lawyer.

7       So you may not possess a firearm, destructive device

8  or other weapon.  I know from reading the reports that have

9  already been done in other districts that some people do

10  possess firearms.  So what I'm asking you to do is if you have

11  firearms in your house, just put them somewhere else.  We don't

12  want firearms in people's homes if Pretrial Services is coming

13  to visit them.  So just do not have firearms in the house that

14  you're living in.

15       You will report as soon as possible to Pretrial

16  Services any contact with law enforcement, including just

17  traffic stops, or any contact you have at all with the

18  policemen, you will report that to Pretrial Services within 24

19  hours.

20       Okay.  Anything else about the conditions?

21       U.S. PROBATION:  No, Your Honor.

22       THE COURT:  Okay.  So, now, I'm required to tell you

23  what happens if you violate the conditions.

24       So if you violate the conditions, I can issue a

25  warrant for your arrest; I can revoke your release, and you can

1    be ordered detained until the case is over; also, if you

2    violate the conditions, you can be prosecuted for the crime of

3    contempt of court because the conditions have the force of a

4    court order.  If you fail to come to court when you are

5    required to, you face a consecutive sentence; that is, whatever

6    time you would get for that crime of failing to come to court

7    would have to be on and after any time you might get in this

8    case.

9            If you commit a Federal, State or local crime while on

10   release, that is a crime, and any time you might get for that

11   crime would have to be on and after any time you might get in

12   this case.

13           It is a felony under Federal law punishable by

14   imprisonment to intimidate or attempt to intimidate a witness,

15   victim, informant or cooperating witness, to obstruct any

16   criminal investigation, to tamper with a witness, victim or

17   informant, or to retaliate against a witness, victim, or

18   informant.

19           And was there a bond posted in this matter?

20           U.S. PROBATION:  It appears he was released on

21   personal recognizance, Your Honor.

22           THE COURT:  Okay.  All right.  So do you have any

23   questions about your conditions of release?

24           DEFENDANT ABDELAZIZ:  No, Your Honor.

25           THE COURT:  Okay.  So I'm now going to go to the next

1    person, and when I'm done, we'll get you your conditions to

2    sign.  So if you'll just stay here until we're done with

3    everyone.

4              All right.  Mr. Abbott.

5              DEFENDANT GREGORY ABBOTT:  Yes.

6              THE COURT:  So, sir, did you hear me explain about

7    your right to remain silent?

8              DEFENDANT GREGORY ABBOTT:  I did, Your Honor.

9              THE COURT:  And do you understand that right?

10             DEFENDANT GREGORY ABBOTT:  Yes, Your Honor.

11             THE COURT:  And did you hear the prosecutor state the

12   charges and the maximum penalties, and did you understand that?

13             DEFENDANT GREGORY ABBOTT:  I heard it and understood

14   it.

15             THE COURT:  And have you been over the complaint with

16   your lawyer so that you understand what it is that you're

17   charged with?

18             DEFENDANT GREGORY ABBOTT:  I have, Your Honor.

19             THE COURT:  So you also have the right to a

20   preliminary hearing.  And, Counsel, what's your position on

21   that?

22             MR. STEIN:  Your Honor, we would waive the preliminary

23   hearing, and Mr. Abbott has signed the form.

24             THE COURT:  Okay.  So, sir, you understand that you

25   could have that hearing, and you don't wish to have it?

1          DEFENDANT GREGORY ABBOTT:  I understand.

2          THE COURT:  Okay.  So I'm going to find that your

3     waiver is knowing and voluntary.

4          Now, with regard to detention, anything the Government

5     wants to say?

6          MS. WRIGHT:  The Government is not seeking detention,

7     Your Honor.  I believe $500,000 personal recognizance bond was

8     set, and we would just ask, consistent with all the Defendants,

9     that those same bonds be imposed by Your Honor.

10         THE COURT:  Okay.  So I'm just going to have the same

11    bond that was issued when you appeared in New York it be issued

12    here, so you need not do anything else about that.

13         So you have the same standard conditions that I read

14    before.  And has the passport been surrendered?

15         DEFENDANT GREGORY ABBOTT:  Yes, Your Honor.

16         THE COURT:  Okay.  And so your travel is restricted to

17    the United States, and you can leave your home -- your

18    residence, but you need to give advance notice to your pretrial

19    services officer as they require.  I'm not going to set the

20    requirements, but if they want so many -- so much time ahead of

21    time, if they want to know your itinerary, you'll do as they

22    ask, okay?  And if problems arise with that, your lawyer can

23    bring that up with the Court, okay?

24         DEFENDANT GREGORY ABBOTT:  Yes, Your Honor.

25         THE COURT:  And, again, you're going to avoid all

1    direct or indirect contact with anyone who may be a victim or a

2    witness including co-defendants, and I note that you are

3    married to a co-defendant, so I'm going to exclude her from

4    that exclusion.

5              DEFENDANT GREGORY ABBOTT:  Thank you, Your Honor.

6              THE COURT:  Okay.  And all your other conditions are

7    the same.  Do you have any questions about them?

8              DEFENDANT GREGORY ABBOTT:  I do not.  I understand

9    fully.

10             THE COURT:  Okay.  And do you have any questions --

11   did you hear and do you have any questions about all the

12   consequences of violating your conditions, et cetera?

13             DEFENDANT GREGORY ABBOTT:  I listened very carefully,

14   Your Honor.

15             THE COURT:  Okay.  All right.  So anything else?

16   Ms. D'Addieco?

17             U.S. PROBATION:  No, Your Honor.

18             THE COURT:  Okay.  All right.  Marcia Abbott.

19             DEFENDANT MARCIA ABBOTT:  Yes.

20             THE COURT:  Okay.  So did you hear me explain the

21   right to remain silent?

22             DEFENDANT MARCIA ABBOTT:  I did, Your Honor.

23             THE COURT:  And do you understand that right?

24             DEFENDANT MARCIA ABBOTT:  I do.

25             THE COURT:  And did you hear the Government state the

1  maximum penalties, et cetera?

2          DEFENDANT MARCIA ABBOTT:  I did, Your Honor.

3          THE COURT:  And you understood that?

4          DEFENDANT MARCIA ABBOTT:  Yes.

5          THE COURT:  And you also have the right to a

6  preliminary hearing.  Do you wish to have that hearing?

7          DEFENDANT MARCIA ABBOTT:  No, Your Honor.

8          THE COURT:  Okay.  And you've talked to your lawyer

9  about that?

10          DEFENDANT MARCIA ABBOTT:  Yes, I have.

11          THE COURT:  Okay.  So I'm going to find that your

12  waiver is knowing and voluntary.

13          MR. DEVLIN-BROWN:  And I'll note, Your Honor, we've

14  signed the form, and the Defendant has signed the form as well.

15          THE COURT:  Okay.  And when Ms. MacDougall collects

16  the conditions, she'll collect those as well.  Okay.

17          So, Ms. Abbott, with regard to your conditions, you

18  have the same exact conditions that I just went over with your

19  husband.  So do you understand all of those?

20          DEFENDANT MARCIA ABBOTT:  I do, Your Honor.

21          THE COURT:  Okay.  Any questions, Counsel?

22          MR. DEVLIN-BROWN:  Your Honor, a bond was set in the

23  District of Colorado where Ms. Abbott was originally arrested,

24  and I understand that Pretrial and the Government are

25  recommending the same bond be in place.  We don't have an

1  objection to that.  There's one miner change we would propose

2  which is that the District of Colorado suggested that the bond

3  be secured by money or property.  We don't think that's

4  necessary.  There's no question that the Abbotts have property,

5  including real estate that has sufficient equity in it, and I

6  don't think it materially adds to the security that this

7  provides the Government in terms of Ms. Abbott returning to

8  court, and it in fact imposes some burdens in terms of, you

9  know, retaining a real estate lawyer in Colorado to, you know,

10  complete the paperwork.  I just don't think it's necessary or

11  adds anything in this case.

12          THE COURT:  Okay.  Any position?

13          MS. WRIGHT:  Your Honor, the Government is taking the

14  position that the bonds set by the District Court where the

15  Defendant was arrested is appropriate and that it should be

16  secured.  I understand there may be some logistical

17  difficulties that counsel has raised.  If the Defendant would

18  like additional time to put up that security, we have no

19  objection to that, but again, we take the position that the

20  bond should be secured.

21          THE COURT:  Okay.  I think I am going to require that

22  it be secured because I've just been -- this is in line

23  with -- these bonds are all over the place in this case, but I

24  think I'll just keep it as it was set in the original district.

25  Okay.  But would you like to have a month to do that?

1          MR. DEVLIN-BROWN:  That would be great, Your Honor.

2          THE COURT:  Okay.  Let's do that within one month.

3          All right.  Anything else about the present people who

4    are sitting here?

5          MS. WRIGHT:  Not from the Government.

6          THE COURT:  Ms. D'Addieco, you're fine?

7          U.S. PROBATION:  Yes, Your Honor.

8          THE COURT:  Okay.  All right.  So we'll just take a

9    short break and get you the paperwork and then you can go.

10          (Pause.)

11          THE CLERK:  The next group of Defendants, Mr. I-Hsin

12   Chen, Robert Flaxman, and Agustin Huneeus, Jr., come up to the

13   conference table.

14          Would counsel please identify themselves for the

15   record.

16          MR. CAHN:  Reuben Cahn and Janice Bassil on behalf of

17   Mr. Chen, who is seated beside me, and his family is seated in

18   the back of the courtroom.

19          THE COURT:  Good afternoon, Mr. Chen.  Good afternoon.

20          MR. WEINREB:  Good afternoon, Your Honor.  William

21   Weinreb and Mike Packard from Quinn Emanuel on behalf of Robert

22   Flaxman who's present.

23          THE COURT:  Good afternoon.

24          MR. STERNBERG:  Good afternoon, Your Honor.  Jeremy

25   Sternberg from Holland & Knight on behalf of Mr. Huneeus, who

1   is here, and also with me is co-counsel, William Keane, from

2   Farella Martel in San Francisco.

3          MR. KEANE:  Good morning, Your Honor.

4          THE COURT:  Good afternoon.  It may be morning in

5   California, but....

6          All right.  So Mr. Chen.

7          (All answers are through the interpreter unless noted.)

8          DEFENDANT CHEN:  (In English)  Yes.

9          THE COURT:  At what point did the interpreter start

10  interpreting for you?  Do we remember that?

11         DEFENDANT CHEN:  Are you asking what time, Your Honor?

12         THE COURT:  Okay.  So I'm just going to start over

13  with Mr. Chen, okay, so everyone can -- so, Mr. Chen, this is

14  your initial appearance in Federal Court.  And first I need to

15  tell you that you have the right to remain silent.  Anything

16  you say can be used against you.  If you decide to answer

17  questions or make a statement, you can stop talking at any time

18  if you change your mind.  You also have the right to have an

19  attorney present with you if you decide to answer questions or

20  make a statement.  So do you understand your right to remain

21  silent?

22         DEFENDANT CHEN:  (In English)  Yes.

23         THE COURT:  Have you been over the complaint with your

24  lawyer so that you understand what it is you're charged with?

25         DEFENDANT CHEN:  (In English)  Yes.

1          THE COURT:  Okay.  I'm going to ask the Government to

2     state the charges and the maximum penalties.

3          MS. WRIGHT:  Yes, Your Honor.  The Defendant is

4     charged with one count of conspiracy to commit mail fraud and

5     honest services mail fraud in violation of Title 18 United

6     States Code Section 1349.  The maximum penalties for that

7     offense are up to 20 years imprisonment followed by a term of

8     supervised release of three years, a fine of $250,000 or twice

9     the gross gain or loss from the offense, whichever is greater,

10    forfeiture and restitution, if applicable, and upon conviction

11    a mandatory special assessment of $100.

12         THE COURT:  Okay.  So, sir, you have the right to a

13    preliminary hearing at which the Government would have to show

14    that there's probable cause that you committed the offense

15    charged.  Do you wish to have that hearing?

16         MR. CAHN:  I have discussed this with Mr. Chen, and he

17    doesn't wish to have a hearing.  We were unaware of the Court's

18    waiver form.  We'll execute it after we conclude this hearing.

19         THE COURT:  Sure.  Okay.  Mr. Chen, you are not going

20    to have the hearing, is that okay with you?  Is that your

21    choice?

22         DEFENDANT CHEN:  (In English)  Yes.

23         THE COURT:  Okay.  So I'll find that your waiver is

24    knowing and voluntary.  Okay.  So with regard to the conditions

25    of release, I'm going to go through your conditions with you.

1    So you can't violate any Federal, State or local law while on

2    release, and that includes possessing or using marijuana.  You

3    must cooperate in the collection of a DNA sample if it's

4    authorized by law.  Do not change your residence or your phone

5    number without notifying pretrial services, and you have to

6    come to court when you're supposed to.  And if you are

7    convicted and sentenced to imprisonment and allowed to

8    self-report, you will have to show up to serve your sentence.

9            So you will submit to supervision by Pretrial

10   Services.  And has the passport been surrender?

11           MR. CAHN:  The passports have been surrendered, Your

12   Honor.

13           THE COURT:  Okay.  So do not get another passport or

14   travel document while the case is pending.  Your travel is

15   restricted to the United States.  And you can travel away from

16   your home, but you'll need to notify Pretrial Services in

17   advance as they require.  You will not have direct or indirect

18   contact with any witness or victim in this case including your

19   codefendants.

20           MR. CAHN:  Judge, can I address one point with regard

21   to that.  Mr. Chen's 18 year old son, who lives with him and

22   who Mr. Chen supports, is, in theory, a potential witness in

23   this case.

24           THE COURT:  So I'll exclude your son from that

25   restriction.

1          MR. CAHN:  And his sister with whom he co-owns the

2     corporation at which he works and where he gets his support, I

3     guess, in theory, could be a witness.  I don't imagine she is,

4     but he also needs to communicate with her even though he's

5     stepping away a bit from the business to make sure that that

6     transition occurs.

7          THE COURT:  Yes?

8          MR. O'CONNELL:  I think we're fine with that

9     condition, but we'd ask that they don't discuss the substance

10    of the case, and if they are going to do that, then be in the

11    presence of counsel.

12         MR. CAHN:  And we have no objection to that.  This is

13    just for a few business issues to be taken care of.

14         MR. O'CONNELL:  Understood.

15         THE COURT:  Okay.  So you may have contact with your

16    sister and your son, but don't discuss the case with them

17    unless you are with your lawyer, okay?

18         Do not possess a firearm, destructive device or other

19    weapon.  Report any contact with law enforcement to your

20    pretrial services officer within 24 hours.

21         MR. CAHN:  Judge, again, just so the Court knows,

22    Mr. Chen is the registered owner of several firearms and will

23    be securing those away from the home as soon as we return to

24    California.  So that will be accomplished by the end of day

25    Monday.

```
 1            THE COURT:  That's fine.  Great.  That's fine.
 2            So, sir, did you hear when I told -- when I said all
 3     the warnings about what happens if you violate your conditions?
 4            DEFENDANT CHEN:  Yes, Your Honor.
 5            THE COURT:  Okay.  Do you have any questions about
 6     that?
 7            DEFENDANT CHEN:  No, Your Honor.
 8            THE COURT:  Okay.  And I'm just going to continue the
 9     same bond that was previously imposed.
10            So anything from the Government?
11            MS. WRIGHT:  No, Your Honor.
12            U.S. PROBATION:  Your Honor, we would ask that you add
13     to the condition that verify that the firearms have in fact
14     been removed from the home, provide some sort of verification.
15            THE COURT:  Okay.  So if you could just let Pretrial
16     Services know what you did with them and verify that.
17            MR. CAHN:  We'll do that, Your Honor.
18            THE COURT:  Okay.  Thank you.
19            Okay.  Anything else about Mr. Chen?
20            MR. CAHN:  No, Your Honor.
21            THE COURT:  Okay.  Okay, Mr. Flaxman.  Sir, did you
22     hear me explain the right to remain silent?
23            DEFENDANT FLAXMAN:  I did, Your Honor.
24            THE COURT:  And you understand your right?
25            DEFENDANT FLAXMAN:  I do.
```

```
 1            THE COURT:  And do you understand the charges against

 2   you?  Have you been over the complaint with your lawyers?

 3            DEFENDANT FLAXMAN:  I have, Your Honor.

 4            THE COURT:  And did you hear the Government state the

 5   maximum penalties and the charges?

 6            DEFENDANT FLAXMAN:  I did.

 7            THE COURT:  And how about your right to a preliminary

 8   hearing; do you wish to exercise that right?

 9            DEFENDANT FLAXMAN:  I do not.

10            THE COURT:  Okay.  And you've talked to your lawyers

11   about that?

12            DEFENDANT FLAXMAN:  Yes, ma'am, and I have signed the

13   waiver form.

14            THE COURT:  Okay.  So I'll find that your waiver is

15   knowing and voluntary.

16            Now, with regard to the conditions, I'm going to

17   continue the same bond that was previously imposed.  And your

18   travel is restricted to the United States, and you can give

19   pretrial whatever advance notice they require about that.  You

20   also have the condition to avoid all direct or indirect contact

21   with victims or witnesses including codefendants unless in the

22   presence of counsel.  Do not possess a firearm, and so on, and

23   the other ones that I've read to everyone else.  Do you

24   understand your conditions?

25            DEFENDANT FLAXMAN:  I do, Your Honor.  I would ask
```

1    counsel to address communication with family members and

2    certain employees.

3              THE COURT:  Okay.

4              MR. WEINREB:  Your Honor, we just ask for the same

5    condition that was just imposed in terms of family members or

6    members of the household who are potential witnesses, that he

7    can have contact except if it's about the substance of the

8    case, that lawyers have to be present for that.

9              THE COURT:  Okay.  Any objection to that?

10             MR. O'CONNELL:  No objection, Your Honor.

11             MR. STERNBERG:  And, Your Honor, for efficiency, I

12   echo that same request on behalf of Mr. Huneeus.

13             THE COURT:  Okay.

14             MR. O'CONNELL:  The same, no objection, Your Honor.

15             THE COURT:  Okay.  Everything all right with

16   Probation?

17             U.S. PROBATION:  No, Your Honor.  Thank you.

18             THE COURT:  Okay.  All right.  So anything further

19   about Mr. Flaxman?

20             MS. WRIGHT:  Not from the Government, Your Honor.

21             THE COURT:  Okay.  Okay.  And, sir, did you hear me

22   explain the right to remain silent, and you understand it?

23             DEFENDANT HUNEEUS:  You are talking to me?

24             THE COURT:  Yes, sir.

25             DEFENDANT HUNEEUS:  Yes.

| | |
|---|---|
| 1 | THE COURT:  And you heard the Government state the |
| 2 | charges, and you understand those? |
| 3 | DEFENDANT HUNEEUS:  Yes. |
| 4 | THE COURT:  And did you go over your -- the charges |
| 5 | with your lawyer so that you understand what it is you are |
| 6 | charged with? |
| 7 | DEFENDANT HUNEEUS:  Yes. |
| 8 | THE COURT:  What do you wish to do about the |
| 9 | preliminary hearing? |
| 10 | DEFENDANT HUNEEUS:  Waive it. |
| 11 | MR. STERNBERG:  Your Honor, we and Mr. Huneeus have |
| 12 | signed the waiver. |
| 13 | THE COURT:  Okay.  So I'll find that your waiver is |
| 14 | knowing and voluntary. |
| 15 | And with regard to conditions, you will also have the |
| 16 | same condition regarding family members.  Obviously you can |
| 17 | have contact with them, but don't discuss the case unless in |
| 18 | the presence of your counsel.  No firearms, et cetera. |
| 19 | So -- excuse me one minute. |
| 20 | (Court and Clerk confer.) |
| 21 | THE COURT:  All right.  And do you have any questions, |
| 22 | sir?  Your conditions are the same as the ones I've been |
| 23 | reading out.  Any questions about them? |
| 24 | DEFENDANT HUNEEUS:  Not at all. |
| 25 | THE COURT:  Okay.  Anything from anyone? |

1          MR. O'CONNELL:  No, Your Honor.

2          U.S. PROBATION:  No.  Thank you, Your Honor.

3          THE COURT:  Okay.  Thank you very much.  All right.

4    So if you'll just wait a minute, we'll get everyone their

5    paperwork and turn in your waiver forms, and then we'll let you

6    go.

7          (Pause.)

8          THE COURT:  If no one has anything to bring up to the

9    court, you are free to go.

10         THE CLERK:  This is Defendant Elisabeth Kimmel, and

11   would counsel please identify themselves for the record.

12         MR. BEIRNE:  Good afternoon, Your Honor.  Eoin Beirne

13   from Mintz Levin with Robert Popeo for Elisabeth Kimmel, who is

14   present.

15         THE COURT:  Okay.  Good afternoon, Ms. Kimmel.

16         DEFENDANT KIMMEL:  Good morning.

17         THE COURT:  Ms. Kimmel, you heard me explain

18   everyone's right to remain silent, and you understand that you

19   have that right?

20         DEFENDANT KIMMEL:  Yes.

21         THE COURT:  And have you been over the charges with

22   your lawyers so that you understand what it is you are charged

23   with?

24         DEFENDANT KIMMEL:  Yes.

25         THE COURT:  And you heard the Government state the

1 | charges and the maximum penalties?

2 | DEFENDANT KIMMEL:  Yes.

3 | THE COURT:  So do you want to exercise your right to

4 | have a preliminary hearing?

5 | DEFENDANT KIMMEL:  I do not.

6 | THE COURT:  Okay.  And you've been over that -- you

7 | talked about that with your lawyers?

8 | DEFENDANT KIMMEL:  Yes, Your Honor.

9 | THE COURT:  Okay.  So I'm going to find that your

10 | waiver is knowing and voluntary.  And with regard to detention,

11 | you heard what I said to everyone else about their conditions?

12 | DEFENDANT KIMMEL:  Yes.

13 | THE COURT:  So you have the same conditions with your

14 | travel restricted to the United States, and I think you're to

15 | avoid all direct or indirect contact with codefendants and

16 | victims and witnesses, the same as everyone else.

17 | MS. BEIRNE:  Your Honor, with that same exclusion

18 | pertaining to children, won't discuss the substance of the

19 | case?

20 | MR. O'CONNELL:  No objection, Your Honor.

21 | THE COURT:  Okay.  So we'll have that exclusion.  So

22 | I'm just going to impose the same bond that was already

23 | imposed, and is there anything else to do?

24 | MR. O'CONNELL:  Not from the Government, Your Honor.

25 | MR. BEIRNE:  Nothing from the Defendant.

1          THE COURT:  Okay.  All right.  So we'll get you the

2     form to sign, and then you can go.

3          DEFENDANT KIMMEL:  Thank you.

4          (Pause.)

5          THE CLERK:  Court is in recess.

6          (Adjourned, 12:56 p.m.)

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

```
1                    CERTIFICATE OF OFFICIAL REPORTER

2

3             I, Linda Walsh, Registered Professional Reporter

4    and Certified Realtime Reporter, in and for the United States

5    District Court for the District of Massachusetts, do hereby

6    certify that pursuant to Section 753, Title 28, United States

7    Code that the foregoing is a true and correct transcript of the

8    stenographically reported proceedings held in the

9    above-entitled matter and that the transcript page format is in

10   conformance with the regulations of the Judicial Conference of

11   the United States.

12                    Dated this 30th day of March, 2019.

13

14

15                    /s/ Linda Walsh_____

16                    Linda Walsh, RPR, CRR

17                    Official Court Reporter

18

19

20

21

22

23

24

25
```